IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


UNITED STATES OF AMERICA


VERSUS                                              CRIMINAL NO. 1:03cr78WJG-4
                                                    CIVIL ACTION NO. 1:05cv83WJG

RHONDA DANIELLE SMEDLEY


MEMORANDUM OPINION AND ORDER


This cause is before the Court on Rhonda Danielle Smedley's motion [130-1] to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255.  After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows:

On or about March 3, 2004, Smedley pleaded guilty to one count of possession with intent to distribute cocaine hydrochloride.  As part of her negotiated plea agreement, Smedley waived her right to appeal the conviction/sentence or the manner in which it was imposed.  In addition, she waived her right to contest the conviction/sentence in a post conviction proceeding or by section 2255 motion.  On June 2, 2004, the Court sentenced Smedley to 46 months imprisonment, 5 years supervised release and a $100.00 special assessment.  On June 15, 2004, the Court entered its Judgment of Conviction.

Smedley did not file an appeal, but on February 11, 2005, Smedley filed the instant motion, seeking to vacate her sentence based on ineffective assistance of counsel regarding her sentencing.  Particularly, Smedley alleges, rather vaguely, that her counsel failed to prevent

certain prior statements from appearing in the Presentence Investigation Report [PSR] and to secure a U.S.S.G. § 5K1.1 motion for downward departure at sentencing.

   As noted above, Smedley entered a negotiated plea of guilty pursuant to the Memorandum of Understanding [MOU] which contained an unambiguous waiver of her right to appeal the conviction/sentence or contest the conviction/sentence in any post-conviction proceeding.   (Ct. R., Doc. 100, ¶ 15.)  A defendant may, as part of a plea agreement, waive the right to appeal, *U.S. v. Cuevas-Andrade,* 232 F.3d 440, 446 (5th Cir.2000) (citing *United States v. Melancon*, 972 F.2d 566 (5th Cir.1992)), and the right to seek post-conviction relief.  *United States v. Wilkes,* 20 F.3d 651, 653-54 (5th Cir.1994).  As a general rule, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."  *Wilkes*, 20 F.3d at 653.

   Thus, the first question this Court must resolve is whether Smedley's claim of ineffective assistance of counsel survives the waiver contained in the MOU.  The record clearly indicates that Smedley understood and voluntarily entered into the plea agreement, and Smedley does not argue the contrary.  Plainly, Smedley does not directly challenge the validity of the waiver or the plea, alleging only ineffective assistance during sentencing or matters beyond the waiver or plea itself.  *See U.S. v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself).  Because Smedley does not contest the validity of the waiver, the Court finds that Smedley waived her right to file the instant motion.

   Even discounting the waiver, Smedley's allegations that her sentencing was inappropriate given certain statements contained in the PSR does not reflect an error of constitutional or jurisdictional magnitude, a sentence in excess of the statutory maximum of 40 years or any error

of fact or law of a fundamental character that would render the entire proceeding irregular and invalid. *See U.S. v. Addonizio*, 442 U.S. 178, 185-86 (1979). Consequently, the Court finds Smedley's claim does not merit collateral review.

Additionally, Smedley's claim relating to her counsel's failure to secure a section 5K1.1 motion for downward departure at sentencing is misplaced. As explained by the Fifth Circuit:

> Section 5K1.1 gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted. Put differently, § 5K1.1 does not require the government to move for a downward departure if the defendant provides substantial assistance, but rather grants the government discretionary power to make such a motion.

*United States v. Price*, 95 F.3d 364, 368 (5th Cir. 1996) (citations and internal quotation marks omitted). The MOU provides that the defendant understands that the determination of whether she has rendered "substantial assistance" and whether the United States will file an appropriate motion is at the sole discretion of the United States. (Ct. R., Doc. 100, ¶ 9.) Clearly, the United States has retained discretion whether to file a motion for downward departure.

Where the plea agreement expressly states that the United States retains "sole discretion" over the decision whether to submit a motion, a refusal to do so is reviewed only for unconstitutional motive. *Price*, 95 F.3d at 368. Smedley has not alleged any unconstitutional motive on the part of the United States in refusing to file a section 5K1.1 motion. Given the United States' sole discretion over whether to file a section 5K1.1 motion and Smedley's failure to allege any unconstitutional motive, the Court finds that Smedley's claim is without merit.

Finally, the Court finds that Smedley has failed to show that her attorney rendered ineffective assistance of counsel under the standard announced in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 870 L.Ed.2d 674 (1984). Simply put, Smedley offers no evidence to

indicate that her attorney's representation was in any way deficient.   Additionally, Smedley does not allege that she suffered any prejudice, i.e. that she would not have pleaded guilty had she known that her prior statements would be used against her.   The Court finds that Smedley has failed to show that her attorney rendered ineffective assistance of counsel under the standard announced in *Strickland*.   It is therefore,

ORDERED AND ADJUDGED that Smedley's motion [130-1] to vacate be, and is hereby, denied.   It is further,

ORDERED AND ADJUDGED that the above styled action be, and is hereby, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 10th   day of May, 2006.


_____*Walter J. Gex III*_____
UNITED STATES SENIOR DISTRICT JUDGE